*PARGOUD vs. MORGAN. & AL.*

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

The proceedings on the cession of the plaintiff's debtors are the best evi-

dence to show his insolvency ; and are admissible as proof when judgment rendered on them is not even signed.

In taking an injunction bond, the officer acts under an authority of law, and inserts the name of the obligees without their consent, so that where one is properly inserted, and another unnecessarily, the bond will be valid as to the right one, and the other nugatory.

In assessing damages on an injunction bond the jury may very properly allow the plaintiff for his reasonable costs and trouble in obtaining a dissolution of the injunction in which the bond was taken.

A plaintiff may release a part of the verdict even before judgment is pronounced upon it, to avoid a motion for a new trial. " Every man may renounce his rights or any part of them."

On the 15th of April 1828, F. Morgan obtained an injunction against an execution in favor of H. Pargoud, which had been levied on several bales of cotton estimated at $400, the property of E. K. Ross ; Morgan claimed the property as a creditor of Ross, who is alleged to be in insolvent circumstances. The property was released by the sheriff to Morgan on his executing an injunction bond, with E. K. Wilson his security. Morgan sent the cotton to New-Orleans, sold and pocketed the proceeds.

The injunction was afterwards dissolved, and Pargoud's right to the property seized, established as superior to Morgan's.

Pargoud first sued the sheriff for damages on releasing the property and obtained a verdict for            dollars ; and now he sues on the injunction bond, and claims the penalty, which is $600, as a remuneration in damages for his loss sustained by the defendants carrying off and selling the cotton. The injunction bond was drawn and made payable to H. Pargoud, whose execution was enjoined, and to the sheriff, jointly.

The defendants plead the general issue. There was a verdict on a second trial for the plaintiff for $355—and he released all to $55 of it before the judgment of the Court was pronounced. The release was given for the surplus damages after deducting what had been recovered from the sheriff.

It was objected on the trial that the bond was not valid, because the name of the sheriff had been improperly inserted as one of the obligees.

1. The District Judge instructed the jury that the bond was taken under an authority of law, and was good as to Pargoud, although it might be bad as to the sheriff, the other obligee. But they could find for Pargoud alone.

2. That they might allow counsels fees in the assessment of damages, which the plaintiff had incurred in dissolving the injunction

3. The record of a suit containing a cession of the property of Ross, to show his insolvency, was offered in evidence, and received : but was objected to because final judgment rendered in it had not been signed by the Judge—a bill of exceptions was taken to its admission by the plaintiff.

This case was argued by *Mr. Winn* as counsel for the plaintiff : and *Mr. Flint* for the defendant.

*Martin J.* delivered the opinion of the Court.

This is a suit on an injunction bond—the defendants pleaded the general issue, and a tender.

The plaintiff had a verdict for $242 14. He released the whole damages except $55, for which judgment was entered. The defendants appealed.

Three bills of exception were taken. The *first* as to the opinion of the Court who admitted in evidence a judgment pronounced, and entered, but not yet signed, to prove the insolvency of the plaintiff's debtor;

The second was to the Judge instructing the jury that the bond sued on was taken in virtue of an authority given by law, which must be strictly pursued—therefore the name of Jonathan Morgan [the sheriff] one of the obligees, being inserted without his authority, the bond was void as to him ; but as to the other obligee, Pargoud, his name being inserted by authority of law, the bond was good as to him.

Western District.
October, 1830.

PARGOUD
*vs.*
MORGAN & AL.

The proceedings on the cession of the plaintiff's debtors are the best evidence to show his insolvency; and are admissible as proof when judgment rendered on them is not even signed.

In taking an injunction bond, the officer acts under an authority of law, and inserts the name of the obligees without their consent, so that where one is properly inserted, and another unnecessarily, the bond will be valid as to the right one, and the other nugatory.

In assessing damages on an injunction bond, the jury may very properly allow the plaintiff for his reasonable costs & trouble in obtaining a dissolution of the injunction in which the bond was taken.

A plaintiff may release a part of the verdict even before judgment is pronounced upon it, to avoid a motion for a new trial. "Every man may renounce his rights or any part of them."

The *third* was to the opinion of the Court instructing the jury they might take into consideration fees paid by the plaintiff (Pargoud) to have the injunction dissolved.

The proceedings on the cession of the plaintiff's debtor were the best evidence of his insolvency—and they were not the less so from the circumstance of final judgment being as yet unsigned.

The injunction bond is always taken without the consent of the party to be enjoined. The law requires the bond to be made payable to him, and renders it valid without his acceptance. The Judge therefore did not err in saying that as to him the circumstance of the insertion of his name did not vitiate the bond. The other obligee was the sheriff who had levied the execution—his name was unnecessarily inserted. But it does not appear this circumstance prevented the plaintiff from recovering the damages from the defendant ; at all events this should have been pleaded in abatement.

In assessing the plaintiff's damages, the jury might well allow him a reasonable sum for his trouble and expense in prosecuting the dissolution of the injunction.

Lastly, it is urged the judgment is erroneus, as it does not follow the verdict as found by the jury.

The Plaintiff released such part of the damages found by the jury as he had received from the sheriff on account of his illegal conduct after the judgment was obtained. It is a common practice for a plaintiff to prevent or defeat a motion for a new trial, by a release of such part of the verdict as was illegally allowed. This can do no injury to the defendant, and every man may renounce his rights, or any part of them.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with damages.